# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARLENE COLEMAN,**

       **Plaintiff,**

**v.**                                           **Case No:   6:14-cv-672-Orl-22GJK**

**WALMART, TERRY WILSON,**
**LENARD MORGAN and HELEN**
**CRINER,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS COMPLAINT (Doc. No. 33)** |
| **FILED:** | **October 31, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO AMEND COMPLAINT (Doc. No. 42)** |
| **FILED:** | **January 21, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.  BACKGROUND.

On April 30, 2014, Darlene Coleman (the "Plaintiff") initiated this action *pro se* by filing a complaint against Walmart, Terry Wilson, Lenard Morgan, and Helen Criner (collectively, the "Named Defendants") for employment discrimination. Doc. No. 1 at 5-9. Walmart (hereinafter, "Wal-Mart"), whose proper legal name is Wal-Mart Stores East, L.P. (*see* Doc. No. 43 at 1 n.1), is Plaintiff's former employer and the other defendants – Terry Wilson, Lenard Morgan, and Helen Criner (collectively, the "Individual Defendants") – were Plaintiff's supervisors. *See* Doc. No. 10 at 5, 7, 10. The complaint is in the form of a letter with numerous attached exhibits. Doc. No. 1 at 1-56.

Plaintiff sought leave of court to proceed *in forma pauperis*. Doc. No. 2. Pursuant to 28 U.S.C. § 1915, the Court reviewed the complaint to determine if it was frivolous, malicious or failed to state a claim. *See* Doc. No. 5 (explaining Section 1915 and conducting analysis thereunder). The Court noted that even though Plaintiff is *pro se*, she "'is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure'" and that throughout the proceedings she must "abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law." Doc. No. 5 at 5 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

The Court noted the complaint is deficient in several respects, including its failure to: provide the specific basis for the Court's subject matter jurisdiction; comply with the requirements of Rules 8 and 10, Federal Rules of Civil Procedure; provide a short and plain statement showing the Plaintiff's right to relief under federal law; and to demand any particular relief. Doc. No. 5 at 6. The Court also stated that assuming Plaintiff is attempting to assert a claim for employment discrimination under Title VII, 42 U.S.C. § 2000e-2, it appeared that the complaint was untimely

because Plaintiff failed to bring suit within ninety (90) days of receiving a notice of right to sue letter from the Equal Employment Opportunity Commission (the "EEOC").  Doc. No. 5 at 6. The Court recognized that Plaintiff stated her delay in filing was due to the fact she was searching for an attorney to represent her, but the Court commented that such reasons were not an extraordinary circumstance, which would warrant equitable tolling.  Doc. No. 5 at 6 (citing 42 U.S.C. § 2000e-5(f)(1); *Green v. Roberts*, 2011 WL 4915231, at *4 (S.D. Ala. Oct. 14, 2011)). Ultimately, the Court found that "because it appears that Plaintiff may be able to state a claim for relief . . . and because Plaintiff may be able to articulate an extraordinary circumstance warranting equitable tolling," Plaintiff would be provided with an opportunity to file an amended complaint. Doc. No. 5 at 6-7.

On August 15, 2014, Plaintiff filed an amended complaint (the "Complaint") against the same Named Defendants.  Doc. No. 10 at 5-28.[1]  In it, Plaintiff states that the basis for the Court to exercise subject matter jurisdiction is 42 U.S.C. § 1981 and, therefore, the Court's original jurisdiction is based upon federal question jurisdiction.  *See* Doc. No. 10 at 5 ¶ 3; 28 U.S.C. § 1331 (federal question jurisdiction).   Plaintiff asserts the following four claims against Wal-Mart: age discrimination under 42 U.S.C. § 1981 and the Florida Civil Rights Act of 1992, §§ 760.01, *et. seq.* (the "FCRA") (Counts I and II); and retaliation under Section 1981 and the FCRA (Counts III and IV).  Doc. No. 10 at 23-28.  Although the Complaint contains several factual allegations against numerous individuals, including but not limited to the Individual Defendants, all four counts of the Complaint are directed solely against Wal-Mart.  Doc. No. 10 at 5-28.  On August 15, 2014, the Court entered an order granting Plaintiff's renewed request to proceed *in forma pauperis*.  Doc. Nos. 11-12.

---

[1] Attached to the Complaint are numerous pictures, documents, and writings, which allegedly support Plaintiff's claims.   Doc. Nos. 10 at 1-4, 30-66; 10-1; 10-2.

On October 31, 2014, Defendants Wal-Mart and Terry Wilson (hereinafter collectively, the "Moving Defendants") filed a Motion to Dismiss Complaint (the "Motion to Dismiss"). Doc. No. 33.[2] In it, the Moving Defendants argue that the Complaint should be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, because: (1) the Complaint is an impermissible shotgun pleading; (2) Plaintiff's claims for age discrimination and retaliation related thereto are not cognizable under 42 U.S.C. § 1981; (3) individual supervisors, managers, or directors of employees like the Individual Defendants may not be held personally liable under the FCRA; (4) Plaintiff fails to plead prima facie claims for age discrimination and retaliation against Wal-Mart under the FCRA; and (5) Plaintiff failed serve the original complaint within 120 days as required by Rule 4(m), Federal Rules of Civil Procedure. Doc. No. 33 at 3-9. On November 14, 2014, Plaintiff filed a response to the Motion to Dismiss. Doc. No. 38.

On January 21, 2015, Plaintiff filed a Motion to Amend Complaint (the "Motion to Amend"). Doc. No. 42.[3] In it, Plaintiff states that with respect to her claims for age discrimination and retaliation under 42 U.S.C. § 1981, the Complaint contains the wrong statutory provision. Doc. No. 42 at 2. Plaintiff states that she meant to claim age discrimination and retaliation under the Age Discrimination In Employment Act, 29 U.S.C. §§ 621, *et. seq.* (the "ADEA"). Doc. No. 42 at 2. Plaintiff states that she mistakenly listed 42 U.S.C. § 1981, rather than the ADEA, as the statutory provision at issue. Doc. No. 42 at 2.[4] Thus, Plaintiff tacitly agrees that Count I and III, to the extent they arise under 42 U.S.C. § 1981, should be dismissed.

---

[2] Lenard Morgan and Helen Criner have not formally appeared, but counsel for Wal-Mart has repeatedly represented that they have not been properly served with the Complaint. Doc. Nos. 20; 33 at 1 n.2.

[3] The Motion to Amend is not signed by Plaintiff (*see* Fed. R. Civ. P. 11(a)). Doc. No. 42.

[4] Plaintiff incorrectly cites the ADEA as 29 U.S.C. § 1967, a statute which does not exist.

Plaintiff attaches a proposed second amended complaint to the Motion to Amend. Doc. No. 42 at 3-28. Although the proposed second amended complaint contains no caption (*see* Fed. R. Civ. P. 10(a)) and is not signed (*see* Fed. R. Civ. P. 11(a)), it appears to be similar to the Complaint in both form and substance, except that Counts I and III are brought under the ADEA rather than under 42 U.S.C. § 1981. *See* Doc. No. 42 at 3, 20-24.

On February 8, 2015, the Moving Defendants filed a response to the Motion to Amend. Doc. No. 43. In it, the Moving Defendants maintain that Plaintiff's proposed amended complaint to substitute claims under the ADEA for Plaintiff's Section 1981 claims still cannot withstand a motion to dismiss and, therefore, would be futile. Doc. No. 43 at 1.[5] The Moving Defendants argue the proposed second amended complaint is a shotgun pleading, all claims under the ADEA are time-bared, the ADEA and FCRA do not apply to the Individual Defendants, and Plaintiff has failed to plead a prima facie case of age discrimination and retaliation against Wal-Mart under the FCRA. Doc. No. 43 at 7-13.[6]

## II. **STANDARD OF REVIEW.**

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. *Id*. A court must accept all factual allegations in the complaint as true and read them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2199 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice

---

[5] The Moving Defendants also point out that Plaintiff failed to comply with Local Rule 3.01(g) prior to filing the Motion to Amend. Doc. No. 43 at 1, 4.

[6] The Moving Defendants also argue that the Motion to Amend should be denied because Plaintiff failed to serve the original complaint in a timely fashion. Doc. No. 43 at 6-7.

of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). While the Rule 8 pleading standard does not require detailed factual allegations, it demands more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555-56)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. A complaint must "state a claim for relief that is plausible on its face," and not merely conceivable. *Iqbal,* 129 S. Ct. at 1950-51. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).[7] Absent undue delay, bad faith, dilatory motive, repeated failure to cure pleading deficiencies in prior amendments, undue prejudice or futility, the Court should freely permit a party leave to amend his complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the district court maintains discretion to grant leave to amend, "refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* When a party claims amendment would be futile, "leave to amend should only be denied . . . when the proposed amendment is clearly insufficient or frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 817 (M.D. Fla. 1995).

---

[7] Plaintiff has already amended her complaint once. *See* Doc. Nos. 1, 10. Thus, Plaintiff may only file a second amended complaint with leave of Court. *See* Fed. R. Civ. P. 15(a)(1)-(2).

### III. ANALYSIS.

As explained below, the undersigned is recommending that the Motion to Dismiss (Doc. No. 33) be granted in part and denied in part, and the Motion to Amend (Doc. No. 42) be denied as futile.

**A. Federal Question Claims.**

The Court's original jurisdiction in this case arises under federal question jurisdiction, 28 U.S.C. § 1331, as a result of Plaintiff's claims of age discrimination and retaliation against the Named Defendants under 42 U.S.C. § 1981 (Counts I and III). Doc. No. 10 at 5, 23-26. In their Motion to Dismiss, the Moving Defendants request dismissal of those counts -- Plaintiff's claims for age discrimination (Count I) and retaliation (Count III) under 42 U.S.C. § 1981. Doc. No. 33 at 5-6. The Moving Defendants are correct that Section 1981 applies only to claims of employment discrimination on the basis of race. *See* 42 U.S.C. § 1981(a); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000) (Section 1981 requires a showing that the defendant "had an intent to discriminate on the basis of race"). Plaintiff acknowledges that Section 1981 is not the appropriate authority upon which to base age discrimination claims. Doc. No. 42 at 2. Thus, the undersigned finds that the Counts I and III of the Complaint as asserted under 42 U.S.C. § 1981 should be dismissed.

*Pro se* complaints must be liberally construed no matter how inartfully pled. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Plaintiff has indicated she meant to bring claims under the ADEA for age discrimination and retaliation. Doc. No. 42 at 2. The Moving Defendants maintain any such claims under the ADEA are time-barred because Plaintiff did not file suit within 90 days of receiving her notice of right to sue letter from the EEOC. Doc. No. 43 at 7. Thus, the undersigned will construe Counts I and III as if they had been brought under the ADEA. For the

reasons set forth below, the undersigned agrees with the Moving Defendants that such claims are time-barred.

Plaintiff alleges the following:

> [Plaintiff] [f]iled a complaint with EEOC in October 2011 – Walmart chose not to mediate then [Plaintiff] received a Right to Sue letter [on] March 2, 2012.
>
> [Plaintiff] [t]ried to retain a lawyer to represent [Plaintiff] from February 2011 to September 2013. [Plaintiff] was not successful because I did not have the money but was told by many lawyers that I had a good case.
>
> On May 31, 2012[,] 2 days before my 90 days was up to file I [f]ound a law firm that was willing to contact Walmart to try and resolve my unlawful termination they said they didn't have enough time to submit anything to the courts because they only have 2 days which was June 2, 2012 they told me I had up to 4 years to file this lawsuit. However, they couldn't get in contact with Walmarts [sic] lawyers. So I put Walmart to the side and I focused on trying to rebuild my life.

Doc. Nos. 10 at 17; 42 at 15. Thus, Plaintiff alleges that she received a notice of right to sue letter from the EEOC on March 2, 2012, she did not file suit within 90 days of receiving the letter due to her inability to find representation, and she "put Walmart to the side and . . . focused on trying to rebuild [her] life." *Id*. The Court must accept all of Plaintiff's well-pled factual allegations as true. *Castro v. Sec'y of Homeland Sec*., 472 F.3d 1334, 1336 (11th Cir. 2006).

Under the ADEA, as well Title VII, a plaintiff may not file suit more than 90 days after receiving a notice of right to sue letter. *See Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000); *Green v. Union Foundry Co*., 281 F.3d 1229, 1233-34 (11th Cir. 2002); *Kerr v. McDonald's Corp*., 427 F.3d 947, 951 (11th Cir. 2005). In this case, Plaintiff received her notice of right to sue letter on March 2, 2012, but did not bring this action until April 30, 2014.

Doc. Nos. 1; 10 at 17; 42 at 15.  Thus, based on her factual allegations, Plaintiffs claims for age discrimination and retaliation (Counts I and III) under the ADEA are clearly time-barred.[8]

Based on Plaintiff's factual allegations (Doc. Nos. 10 at 17; 42 at 15), equitable tolling, which is an extraordinary remedy that allows for the untimely filing of a complaint in very limited situations, would not be appropriate.  Equitable tolling is permissible only where a plaintiff "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  In this case, Plaintiff's allegations show, at best, that she did not bring this action within 90 days because unidentified attorneys erroneously informed her that she had 4 years to file suit.  Doc. Nos. 10 at 17; 42 at 15 (lawyers told her she had up to 4 years to file complaint).   However, the Eleventh Circuit has repeatedly stated that ignorance of the law and/or attorney negligence do not warrant application of the extraordinary remedy of equitable tolling.  *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Mere attorney negligence does not justify equitable tolling."); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling.").  Similarly, Plaintiff's statement that her lawyers were unable to contact Wal-Mart's counsel fails to demonstrate an extraordinary circumstance.  *Id*.  Thus, the undersigned finds that Counts I and III should be dismissed even when liberally construing them as claims for age discrimination and retaliation under the ADEA.

For the same reasons, Plaintiff's Motion to Amend (Doc. No. 42), which requests leave to file a second amended complaint solely to substitute claims under the ADEA, is clearly futile.  *See supra* pp. 8-10.  *See also Taylor*, 875 F. Supp. at 817 (leave to amend should be denied when

---

[8] The Court previously placed Plaintiff on notice that any claims she might have under Title VII may be time-barred absent extraordinary circumstances.  *See supra* p. 2-3.

the proposed amendment is clearly insufficient or frivolous on its face). Accordingly, it is **RECOMMENDED** that the Court **DENY** the Motion to Amend (Doc. No. 42).

### B. Dismissal of Remaining State Law Claims.

For the above-stated reasons, the federal claims that provide a basis for this Court's original subject matter jurisdiction should be dismissed. The Court's jurisdiction over Plaintiff's remaining state law FCRA claims arise solely under the Court's supplemental jurisdiction, 28 U.S.C. § 1367(a). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* "The Eleventh Circuit encourages courts to dismiss the remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Wells v. XPEDX*, No. 8:05-cv-2193-T-EAJ, 2007 WL 2696566, at *15 (M.D. Fla. Sept. 11, 2007) (citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004)). Accordingly, it is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining FCRA claims and dismiss them without prejudice.[9]

### IV. CONCLUSION.

It is hereby **RECOMMENDED** that the Court:

1. **GRANT in part and DENY in part** the Motion to Dismiss (Doc. No. 33) as follows:

    a. **DISMISS** Counts I and III of the Complaint (Doc. No. 10) **with prejudice**;

---

[9] The undersigned notes that federal courts and state appellate courts within Florida that have considered whether an employee, manager and/or supervisor may be held individually liable under the FCRA, § 760.101(a), Florida Statutes, have held that the FCRA applies to employers not individual employees, managers, and/or supervisors. *Mathis v. Cannon*, No. 6:12-cv-1535-Orl-36KRS, 2013 WL 690838, at *1-3 (M.D. Fla. Feb. 7, 2013) (no individual liability for supervisors under FCRA); *Patterson v. Consumer Debt Management and Education, Inc.*, 975 So.2d 1290, 1291-92 (Fla. 4th DCA 2008) (reviewing federal authority and holding that FCRA does not impose liability on individual employees or supervisors). The undersigned also notes that Counts II and IV do not contain any express allegations against the Individual Defendants and, in fact, only reference Wal-Mart. *See* Doc. No. 10 at 24-25, 27.

  b. **DECLINE** to exercise supplemental jurisdiction over the remaining state law claims (Counts II and IV) and, therefore, **DISMISS** Counts II and IV **without prejudice**; and

  c. Otherwise, **DENY** the Motion to Dismiss;

2. **DENY** the Motion to Amend (Doc. No. 42) as futile; and

3. **DIRECT** the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 3, 2015.

/s/ Gregory J. Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy