**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DARLENE COLEMAN,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-672-Orl-22GJK**

**WALMART, TERRY WILSON,**
**LENARD MORGAN and HELEN**
**CRINER,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff Darlene Coleman's ("Coleman") partial Objection (Doc. No. 46) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 45), which recommended (1) that the Motion to Dismiss (Doc. No. 33) filed by Defendants Walmart and Terry Wilson ("Defendants") be granted in part and denied in part, and (2) that Coleman's Motion to Amend (Doc. No. 42) be denied. More specifically, the Magistrate Judge recommended that the federal claims in Coleman's Amended Complaint (Doc. No. 10) be dismissed, and that the Court decline supplemental jurisdiction over Coleman's remaining state-law claims. The Court will adopt and confirm the R&R in its entirety.

Coleman does not object to Judge Kelly's recommendation that her federal claims be dismissed, but she requests that the Court continue to exercise supplemental jurisdiction over her state law claims. As the Court has dismissed all of the claims over which it has original jurisdiction, retaining supplemental jurisdiction over the Florida state law claims would be an ill-advised expenditure of limited federal judicial resources. For this reason, the Eleventh Circuit has consistently "encouraged district courts to dismiss any remaining state claims when, as here, the

federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (per curiam) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). The Court will overrule Coleman's objection and decline to exercise supplemental jurisdiction over her remaining state-law claims.

Coleman may refile her state law claims in state court, but she must perfect service on any defendants she names in such a lawsuit. Coleman is encouraged to consult Florida Rule of Civil Procedure 1.070 and Chapter 48 of the Florida Statutes before filing suit.

Based on the foregoing, it is ordered as follows:

1. Plaintiff Darlene Coleman's partial Objection (Doc. No. 46), filed March 17, 2015, is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 45), issued March 3, 2015, is **ADOPTED and CONFIRMED** and made a part of this Order.

3. The Motion to Dismiss of Defendants Walmart and Terry Wilson (Doc. No. 33), filed October 31, 2014, is **GRANTED in part and DENIED in part**. Plaintiff's federal claims are **DISMISSED** for the reasons stated in the Magistrate Judge's R&R. The Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), and those claims are **DISMISSED without prejudice**.

4. Plaintiff's Motion to Amend (Doc. No. 42), filed January 21, 2015, is **DENIED** for the reasons stated in the R&R.

5. The Clerk is directed to **CLOSE** this case.

- 3 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 18, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties